UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,                     )
                          Plaintiff           )
                                              )
              v.              MAGISTRATE JUDGE NO.                )
                                              )
LOOSIGIAN FARMS, INC.,                        )
JOHN P. LOOSIGIAN,                            )
GREGORY J. LOOSIGIAN,                         )
                          Defendants          )

RECEIPT #_____
AMOUNT $ N/A_____
SUMMONS ISSUED Yes
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

## COMPLAINT FOR REPOSSESSION, CONVERSION AND MONEY JUDGMENT

The United States of America, by and through its attorneys Michael J. Sullivan, United

States Attorney for the District of Massachusetts, and Christopher R. Donato, Assistant United

States Attorney, states for its complaint:

1.    Plaintiff is the United States of America, acting through the Farm Service

Agency, United States Department of Agriculture (hereinafter "FSA"). FSA is a

successor agency to the Farmers Home Administration.

2.    Defendant Loosigian Farms, Inc., is a Massachusetts corporation whose last

known address is c/o Jeanne P. Loosigian, Secretary, 386 High Plain Road, Andover, MA

01810. Defendant John P. Loosigian is an adult individual whose last known residence

address is 165 Shawsheen Road, Andover, MA 01810. Defendant Gregory J. Loosigian is

an adult individual whose last known residence address is 22 Lowell Avenue, Methuen,

MA 01844-1811.

3.     On or about January 30, 1981, FSA loaned the sum of $157,000 to Loosigian

Farms, Inc., Harry Loosigian, John Loosigian, Gregory Loosigian, and Jeanne Loosigian

(hereinafter "the Borrowers") pursuant to the Consolidated Farm and Rural Development

Act as evidenced by a promissory note attached hereto as Exhibit A. Said loan was

rescheduled 4 times. It is now evidenced by a promissory note dated December 10, 1993,

in the face amount of $240,251.80 which is attached hereto as Exhibit A-1.

4.     On or about May 28, 1981, FSA loaned the additional sum of $46,200 to the

Borrowers pursuant to the Emergency Agricultural Credit Adjustment Act of 1978 as

evidenced by a promissory note attached hereto as Exhibit B. Said loan was also

rescheduled 4 times. It is now evidenced by a promissory note dated December 10, 1993,

in the face amount of $81,085.06 which is attached hereto as Exhibit B-1.

5.     On or about August 24, 1982, FSA loaned the additional sum of $100,000 to the

Borrowers pursuant to the Consolidated Farm and Rural Development Act as evidenced

by a promissory note attached hereto as Exhibit C. Said loan was also rescheduled 4

times. It is now evidenced by a promissory note dated December 10, 1993, in the face

amount of 115,825.54 which is attached hereto as Exhibit C-1.

6.     In order to secure repayment of the aforesaid loans, Loosigian Farms, Inc.

executed and delivered to FSA a series of security agreements, by which it granted FSA a

security interest in, among other things, "all farm and other equipment ... now owned or

hereafter acquired by Debtor, together with all replacements, substitutions, additions, and

accessions thereto." The most recent security agreement was dated April 8, 1992, and is

attached hereto as Exhibit D.

7.      The security interest granted by the security agreements was perfected by a duly
filed UCC financing statement, a copy of which is attached hereto as Exhibit E.

8.      The borrowers failed or refused to make payments as provided in the promissory
notes, and FSA accelerated the account on August 26, 2004.

9.      The amounts due on the three notes as of April 20, 2005 is $723,342.63,
consisting of $535,324.87 in principal and $188,017.76 in interest, with interest accruing
thereafter at the daily rate of $76.6661, as set forth on the attached affidavit of
indebtedness, marked Exhibit F.

10.     Harry and Gertrude Loosigian are deceased, and Jeanne Loosigian received a
discharge in bankruptcy in 2001.

11.     Gregory J. Loosigian is joined herein because he is personally liable for the debt.

12.     John P. Loosigian is joined herein because he is personally liable for the debt and
also because converted the five remaining pieces of equipment that served as security for
FSA's debt. Of those, he sold two without the permission of FSA and did not turn over
the proceeds to FSA. The other three pieces remain in his possession.

13.     On information and belief, John P. Loosigian received net proceeds from the sale
of the two pieces of equipment in the amount of $5,196.51 and $2,628.93, respectively.

14.     FSA is entitled to possession of the equipment still in John P. Loosigian's
possession and the proceeds of the equipment that he converted.

WHEREFORE, FSA demands judgment against Loosigian Farms, Inc., Gregory J.

Loosigian and John P. Loosigian in the amount of $723,342.63, plus interest from that date to the

date of payment at the rate of $76.6661 per diem and an order directing John P. Loosigian to

deliver possession of all items of security equipment and the proceeds thereof to FSA.


Respectfully submitted,

UNITED STATES OF AMERICA
By its attorneys

MICHAEL J. SULLIVAN
United States Attorney

By:

CHRISTOPHER R. DONATO
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3303

DATED: May 18, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)  United States v.  Loosigian Farms, Inc.

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER
    SHEET. (SEE LOCAL RULE 40.1(A)91)).

    ___  I.     160, 410, 470, r.23, REGARDLESS OF NATURE OF SUIT

    ___  II.    195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
               740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950

    X    III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891

    ___  IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650,
               660, 690, 810, 861-865, 870, 871, 875, 900

    ___  V.     150, 152, 153

    05   1041 NMG

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

4.  HAS PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                                         YES                      NO

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC
    INTEREST? (SEE 28 USC § 2403)

                                                         YES                      NO

    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                                         YES                      NO

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO
    TITLE 28 USC § 2284?

                                                         YES                      NO

7.  DO ALL OF THE PARTIES IN THIS ACTION, EXLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH
    OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION -
    (SEE LOCAL RULE 40.1(D)).

                                                         YES                      NO

    A.    IF YES, IN WHICH DIVISION DO ALL FO THE NON-GOVERNMENTAL PARTIES RESIDE?

          EASTERN DIVISION              CENTRAL DIVISION            WESTERN DIVISION

    A.    IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING  GOVERNMENTAL
          AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

          EASTERN DIVISION              CENTRAL DIVISION            WESTERN DIVISION

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___ Christopher R. Donato,  Assistant United States Attorney _____

ADDRESS _____ U.S. Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA 02210 _____

TELPHONE NO. ____ 617-748-3303 _____

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

LOOSIGIAN FARMS, INC.,
JOHN P. LOOSIGIAN,
GREGORY J. LOOSIGIAN

County of Residence of First Listed     Essex 25009
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney'S (Firm Name, Address, and Telephone Number)
CHRISTOPHER R. DONATO, AUSA
1 COURTHOUSE WAY, SUITE 9200
BOSTON, MA 02210
(617) 748-3303

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☒ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | DEF | | | DEF |
|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury – | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans (Excl. | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☒ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 730 Labor/Mgmt. Reporting | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | | **FEDERAL TAX SUITS** | Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | Under Equal Access to |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party | Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | Security Act | 26 USC 7609 | ☐ 950 Constitutionality of State |
| | | ☐ 550 Civil Rights | | | Statutes |
| | | ☐ 555 Prison Condition | | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Section 1345    default on government loan

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE       DOCKET NUMBER

DATE 5/18/05     SIGNATURE OF ATTORNEY OF RECORD Christopher R. Donato

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

This form was electronically produced by Elite Federal Forms, Inc.

Form FmHA 1940-17
(11-1-78)

REAMORTIZED, NOT PAID

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

PROMISSORY NOTE

| KIND OF LOAN | |
|---|---|
| Type: **Farm Ownership** | |
| Pursuant to: | |
| ☒ Consolidated Farm & Rural Development Act | |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 | |

| Name | | ACTION REQUIRING NOTE | |
|---|---|---|---|
| LOOSIGIAN FARMS INCORPORATED | | ☒ Initial loan | ☐ Rescheduling |
| State | County | ☐ Subsequent loan | ☐ Reamortization |
| MASSACHUSETTS | ESSEX | ☐ Consolidation & subsequent loan | ☐ Credit sale |
| Case No. | Date | | ☐ Deferred payments |
| 25-05-042626494 | January 30, 1981 | ☐ Consolidation | |

FOR VALUE RECEIVED, the undersigned Borrower(s) and any comakers jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in **LITTLETON, MASSACHUSETTS**

_____, or at such other place as the Government may hereafter designate in writing, the principal sum of

**ONE HUNDRED AND FIFTY SEVEN THOUSAND AND NO/100--------------------------------** dollars

($ **157,000.00** _____ ), plus interest on the unpaid principal balance at the **RATE** of

**ELEVEN** _____ percent ( **11** %) per annum. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may CHANGE THE RATE OF INTEREST, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in **31** installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | |
|---|---|---|
| $ **16,555.00** on January 1, 19 **82** ; | $ **18,060.00** on January 1, 19 **83** ; |
| $ **NA** on January 1, 19 ___; | $ **NA** on January 1, 19 ___; |
| $ **NA** on January 1, 19 ___; | $ **NA** on January 1, 19 ___; |
| $ **NA** on January 1, 19 ___; | $ **NA** on January 1, 19 ___; |
| $ **NA** on January 1, 19 ___; | $ **NA** on January 1, 19 ___; |

and $ **18,060.00** thereafter on January 1st of each year until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and

payable **30** years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest accrued as of the date of receipt of the payment and then to principal.



**EXHIBIT**

**A**

U.S.GPO:1980-0-665-152

HA 1940-17 (Rev. 11-1-78)

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1861.2) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the last installment to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

If the Government at any time assigns this note and insures the payment thereof, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced hereby, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced hereby and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT.** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**DEFAULT.** Failure to pay when due any debt evidenced hereby or perform any covenant of agreement hereunder shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and   .ce   hereby waived.

Loosigian Farms, Inc.

(SEAL) *Harry Loosigian*
Harry Loosigian, individual

*Harry Loosigian*   *By*
Harry Loosigian, President   *(Borrower)*

(SEAL) *John P. Loosigian*
John P. Loosigian, individual

*John P. Loosigian*
John P. Loosigian, Treasurer   *(Borrower)*

*Gregory J. Loosigian*
Gregory J. Loosigian, individual

*Gregory J. Loosigian*
Gregory J. Loosigian, Clerk

*Jeanne Loosigian*
Jeanne Loosigian, individual

386 High Plain Road

Andover, MA  01810

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| $157,000.00 | 1-30-81 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 157,000.00 | 1-130- 81 |

USDA-FmHA
Form FmHA 1940-17
(Rev. 4-92)

## PROMISSORY NOTE

OF LOAN

Type: __FO__     ☐ Regular
                 ☒ Limited
                 Resource

Pursuant to:

☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

| Name | | ACTION REQUIRING NOTE | |
|------|--|------------------------|--|
| LOOSIGIAN FARMS, INC. | | | |
| **State** | **County** | ☐ Initial loan | ☐ Rescheduling |
| MASSACHUSETTS | ESSEX | ☐ Subsequent loan | ☒ Reamortization |
| **Case No.** | **Date** | ☐ Consolidated & subsequent loan | ☐ Credit sale |
| 25-005-0042626494 | DECEMBER 10, 1993 | | ☐ Deferred payments |
| **Fund Code** | **Loan No.** | ☐ Consolidation | ☐ Debt write down |
| 41 | 13 | ☐ Conservation easement | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture,

(herein called the "Government"), or its assigns, at its office in _____WESTFORD, MA_____

_____, or at such other place as the Government may later designate in writing, the principal sum of

TWO HUNDRED FORTY THOUSAND TWO HUNDRED FIFTY-ONE and 80/100 _____ dollars

($ __240,251.80__ _____), plus interest on the unpaid principal balance at the **RATE** of

__FIVE__ _____ percent ( __5.0__ %) per annum and

_____N/A_____ dollars ($ ____N/A____ )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST,** in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in _____28_____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | | | | |
|--|--|--|--|--|--|--|
| $ 16,410 | on 7-1-94 | ; $ | N/A | on | ; |
| $ N/A | on | ; $ | N/A | on | ; |
| $ N/A | on | ; $ | N/A | on | ; |
| $ N/A | on | ; $ | N/A | on | ; |
| $ N/A | on | ; $ | N/A | on | ; |
| $ N/A | on | ; $ | N/A | on | ; |
| and $ 16,410 | | thereafter on JULY 1 | of each YEAR | on | until the |

principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable _____27_____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.



**EXHIBIT**

_A - 1_

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| 41-10 | $ 215,834.57 | 5.0 % | 12-27 , 1991 | LOOSIGIAN FARMS, INC. | 1-30 , XX2011 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the ''Kind of Loan'' block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

LOOSIGIAN FARMS, INC. by:

(SEAL)

As Cosigners:

_____
GREGORY J. LOOSIGIAN, President          (Borrower)

_____
GREGORY J. LOOSIGIAN

18 Lowell Blvd.

Methuen, MA 01844

_____
JEANNE M. LOOSIGIAN

attested to _____
JEANNE M. LOOSIGIAN, Treasurer and
                                    Secretary

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

Form FmHA 1940-17
(Rev. 7-8-80)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

PROMISSORY NOTE REAMORTIZED, NOT PAID

| KIND OF LOAN |
|---|
| Type: __EE-Initial__ |
| Pursuant to: |
| ☐ Consolidated Farm & Rural Development Act |
| ☒ Emergency Agricultural Credit Adjustment Act of 1978 |

| Name | | ACTION REQUIRING NOTE | |
|---|---|---|---|
| LOOSIGIAN FARMS INCORPORATED | | ☒ Inital loan | ☐ Rescheduling |
| State | County | ☐ Subsequent loan | ☐ Reamortization |
| MASSACHUSETTS | ESSEX | ☐ Consolidation & subsequent loan | ☐ Credit sale |
| Case No. | Date | | ☐ Deferred payments |
| 25-05-042626494 | May 28, 1981 | ☐ Consolidation | |

FOR VALUE RECEIVED, the undersigned Borrower(s) and any comakers jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __LITTLETON, MASSACHUSETTS__

_____, or at such other place as the Government may hereafter designate in writing, the principal sum of

__FORTY SIX THOUSAND TWO HUNDRED AND NO/100__————————————————————————————————— dollars

($ __46,200.00__ ), plus interest on the unpaid principal balance at the **RATE** of

__THIRTEEN AND ONE QUARTER__ percent ( __13.25__ %) per annum. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __31__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ __3,660.00__ on January 1, 19 __82__; $ __6,272.00__ on January 1, 19 __83__;
$ _____ on January 1, 19 __; $ _____ on January 1, 19 __;
$ _____ on January 1, 19 __; $ _____ on January 1, 19 __;
$ _____ on January 1, 19 __; $ _____ on January 1, 19 __;
$ _____ on January 1, 19 __; $ _____ on January 1, 19 __;
and $ __6,272.00__ thereafter on January 1st of each year until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and

payable __30__ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest accrued as of the date of receipt of the payment and then to principal.



**EXHIBIT**

B

*U.S. GPO:1980-0-665-152/2                                                    FmHA 1940-17 (Rev. 7-8-80)

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installment to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

If the Government at any time assigns this note and insures the payment thereof, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced hereby, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced hereby and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**DEFAULT:** Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice hereby waived.

**Loosigian Farms, Inc.**

(SEAL) _Harry Loosigian_
Harry Loosigian, Individual

_Harry Loosigian_
Harry Loosigian, President          *(Borrower)*

(SEAL) _John P. Loosigian_
John P. Loosigian, Individual

_John P. Loosigian_
John P. Loosigian, Treasurer          *(Borrower)*

_Gregory J. Loosigian_
Gregory J. Loosigian, Individual

_Gregory J. Loosigian_
Gregory J. Loosigian, Clerk

386 High Plain Road

_Jeanne Loosigian_
Jeanne Loosigian, Individual

Andover, MA  01810

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| $46,200.00 | 5-28-81 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $46,200.00 | 5-28-81 |

USDA-FmHA
Form FmHA 1940-17
(Rev. 4-92)

**PROMISSORY NOTE**

| k. | OF LOAN | |
|---|---|---|
| Type: __EE__ | ☒ Regular | |
| | ☐ Limited | |
| | Resource | |

Pursuant to:
☐ Consolidated Farm & Rural Development Act
☒ Emergency Agricultural Credit Adjustment Act of 1978

| Name | | ACTION REQUIRING NOTE | |
|---|---|---|---|
| LOOSIGIAN FARMS, INC. | | | |
| **State** | County | ☐ Initial loan | ☐ Rescheduling |
| MASSACHUSETTS | ESSEX | ☐ Subsequent loan | ☒ Reamortization |
| **Case No.** | Date | ☐ Consolidated & subsequent loan | ☐ Credit sale |
| 25-005-0042626494 | DECEMBER 10, 1993 | | ☐ Deferred payments |
| **Fund Code** | Loan No. | ☐ Consolidation | ☐ Debt write down |
| 29 | 14 | ☐ Conservation easement | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture,

(herein called the "Government"), or its assigns, at its office in _____ WESTFORD, MA _____

_____, or at such other place as the Government may later designate in writing, the principal sum of

EIGHTY ONE THOUSAND EIGHT HUNDRED FIVE and 06/100 _____ dollars

(\$ 81,805.06 _____ ), plus interest on the unpaid principal balance at the **RATE** of

SIX AND ONE-HALF _____ percent ( _____ 6.50 _____ %) per annum and

_____ N/A _____ dollars (\$ _____ N/A _____ )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in _____ 28 _____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| \$ | 6,506 | on | 7-1-94 | ; \$ | N/A | on | ; |
|---|---|---|---|---|---|---|---|
| \$ | N/A | on | | ; \$ | N/A | on | ; |
| \$ | N/A | on | | ; \$ | N/A | on | ; |
| \$ | N/A | on | | ; \$ | N/A | on | ; |
| \$ | N/A | on | | ; \$ | N/A | on | ; |
| \$ | N/A | on | | ; \$ | N/A | on | ; |

and \$ _____ 6,506 _____ thereafter on __JULY 1__ of each __YEAR__ until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable _____ 27 _____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.



EXHIBIT
B-1

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| 29-11 | $ 68,095.46 | 8.25 % | 12-27 , 1991 | LOOSIGIAN FARMS, | 5-28 , XX2011 |
|  | $ | % | , 19 | INC. | , 19 |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |
|  | $ | % | , 19 |  | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

REFINANCING (GRADUATION) AGREEMENT: If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

LOOSIGIAN FARMS, INC.   by:

(SEAL)

As Cosigners:

GREGORY J. LOOSIGIAN, President          *(Borrower)*

_____
GREGORY J. LOOSIGIAN

_____
JEANNE M. LOOSIGIAN

18 Lowell Blvd.

Methuen, MA 01844

attested to: JEANNE M. LOOSIGIAN, Treasurer and Secretary

**RECORD OF ADVANCES**

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

Form FmHA 1940-17
(Rev. 7-8-80)

RESCHEDULED

| UNITED STATES DEPARTMENT OF AGRICULTURE<br>FARMERS HOME ADMINISTRATION<br><br>PROMISSORY NOTE | KIND OF LOAN |
|---|---|
| | Type: ___ OL-I ___<br>Pursuant to:<br>☒ Consolidated Farm & Rural Development Act<br>☐ Emergency Agricultural Credit Adjustment<br>Act of 1978 |

| Name<br>LOOSIGIAN FARMS INC. | ACTION REQUIRING NOTE |
|---|---|
| | ☒ Initial loan ☐ Rescheduling |
| State<br>MASSACHUSETTS | County<br>ESSEX | ☐ Subsequent loan ☐ Reamortization |
| | | ☐ Consolidation & ☐ Credit sale |
| Case No.<br>25-05-042626494 | Date<br>August 24, 1982 | subsequent loan ☐ Deferred payments<br>☐ Consolidation |

FOR VALUE RECEIVED, the undersigned Borrower(s) and any comakers jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __LITTLETON, MASSACHUSETTS__

_____, or at such other place as the Government may hereafter designate in writing, the principal sum of

__ONE HUNDRED THOUSAND AND NO/100--------------------------------------------------__dollars

($ _100,000.00_____ ), plus interest on the unpaid principal balance at the **RATE** of

__FOURTEEN AND ONE QUARTER_____ percent ( ___14.25___ %) per annum. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __8___ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

$ _8,000_____ on January 1, 19_83_; $ _24,630_____on January 1, 19_84_;
$ _N/A_____ on January 1, 19___; $ _N/A_____on January 1, 19___;
$ _N/A_____ on January 1, 19___; $ _N/A_____on January 1, 19___;
$ _N/A_____ on January 1, 19___; $ _NA_____on January 1, 19___;
$ _N/A_____ on January 1, 19 __; $ _N/A_____on January 1, 19___;
and $ _24,630_____thereafter on January 1st of each year until the principal and interest are fully paid except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and

payable __7___ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest accrued as of the date of receipt of the payment and then to principal.

**EXHIBIT**

**C**

mHA 1940-17 (Rev. 7-8-80)

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installment to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

If the Government at any time assigns this note and insures the payment thereof, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced hereby, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced hereby and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |
| $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT**: If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**DEFAULT**: Failure to pay when due any debt evidenced hereby or perform any covenant of agreement hereunder shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and r~~e~~ ~~~reby waived.

Loosigian Farms, Inc.

(SEAL) *Harry Loosigian*
Harry Loosigian, Individual

*Harry Loosigian*
Harry Loosigian, President          *(Borrower)*

(SEAL) *Gregory J. Loosigian*
Gregory J. Loosigian, Individual

*Gregory J. Loosigian*
Gregory J. Loosigian, Clerk          *(Borrower)*

_____386 High Plain Road_____

_____Andover, MA  01810_____

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| $ 100,000 | 8-24-82 | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ 100,000 | 8-24-82 |

USDA-FmHA
Form FmHA 1940-17
(Rev. 4-92)

**PROMISSORY NOTE**

| | LOAN |
|---|---|
| Type: **OL** | ☐ Regular |
| | ☒ Limited |
| | Resource |

Pursuant to:
☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

| Name | | ACTION REQUIRING NOTE | |
|---|---|---|---|
| LOOSIGIAN FARMS, INC. | | | |
| **State** | **County** | ☐ Initial loan | ☒ Rescheduling |
| MASSACHUSETTS | ESSEX | ☐ Subsequent loan | ☐ Reamortization |
| **Case No.** | **Date** | ☐ Consolidated & | ☐ Credit sale |
| 25-005-0042626494 | DECEMBER 10, 1993 | subsequent loan | ☐ Deferred payments |
| **Fund Code** | **Loan No.** | ☐ Consolidation | ☐ Debt write down |
| 44 | 15 | ☐ Conservation easement | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture,

(herein called the "Government"), or its assigns, at its office in _____ WESTFORD, MA _____

_____, or at such other place as the Government may later designate in writing, the principal sum of

ONE HUNDRED FIFTEEN THOUSAND EIGHT HUNDRED TWENTY-FIVE and 54/100 _____ dollars

(S___115,825.54_____), plus interest on the unpaid principal balance at the **RATE** of

_____ FIVE _____ percent (_____5.0_____ %) per annum and

_____ N/A _____ dollars ($ _____ N/A _____ )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers. Home Administration for the type of loan indicated above.

Principal and interest shall be paid in _____16_____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| $ | | on | | ; $ | | on | |
|---|---|---|---|---|---|---|---|
| $ 11,160 | | on 7-1-94 | | ; $ N/A | | on | ; |
| $ N/A | | on | | ; $ N/A | | on | ; |
| $ N/A | | on | | ; $ N/A | | on | ; |
| $ N/A | | on | | ; $ N/A | | on | ; |
| $ N/A | | on | | ; $ N/A | | on | ; |
| $ N/A | | on | | ; $ N/A | | on | ; |
| and $ 11,160 | | thereafter on JULY 1 | | | of each YEAR | | until the |

principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable _____15_____ years from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Record of Advances.



**EXHIBIT**

C-1

FmHA 1940-17 (Rev. 4-92)

For each rescheduled, reamortized or consolidated note for applications for Primary and Preservation Loan Service Programs received prior to November 28, 1990, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument. For applications for Primary and Preservation Loan Service Programs received on or after November 28, 1990, all unpaid interest accrued to the date of this instrument shall be added to the principal and such new principal shall accrue interest at the rate evidenced by this instrument.

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal. Nonprogram loans are not eligible for deferral.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | | ORIGINAL BORROWER | LAST INSTALL. DUE | |
|---|---|---|---|---|---|---|---|
| 44-12 | $ 105,233.32 | 5.0 % | 12-27 | , 1991 | LOOSIGIAN FARMS, | 12-27 | , XX2006 |
| | $ | % | | , 19 | INC. | | , 19 |
| | $ | % | | , 19 | | | , 19 |
| | $ | % | | , 19 | | | , 19 |
| | $ | % | | , 19 | | | , 19 |
| | $ | % | | , 19 | | | , 19 |
| | $ | % | | , 19 | | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT**: If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. The provisions of this paragraph do not apply if the loan represented by this promissory note was made to the Borrower as a nonprogram loan.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

LOOSIGIAN FARMS, INC.  by:

(SEAL)

GREGORY G. LOOSIGIAN, President          (Borrower)

As Cosigners:

GREGORY J. LOOSIGIAN

18 Lowell Blvd.

Methuen, MA 01844

JEANNE M. LOOSIGIAN

attested to: JEANNE M. LOOSIGIAN, Treasurer and Secretary

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | TOTAL | $ | |

USDA-FmHA
·Form FmHA 440-4
(Rev. 2/88)

## SECURITY AGREEMENT
## (CHATTELS AND CROPS)

I.    THIS SECURITY AGREEMENT, dated ___April 8___ , 19 _92_, is made between the United States of America

acting through the Farmers Home Administration (called Secured Party) and _____    Loosigian Farms, Inc.

and _____ (called Debtor), whose mailing address is

386 High Plain Road, Andover, MA 01810

II.    BECAUSE Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory note(s) or other instrument(s), and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory note(s) or other instrument(s), all of which are called "note", which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The note evidences a loan to Debtor, and Secured Party at any time, may assign the note and insure the payment thereof to any extent authorized by the Consolidated Farm and Rural Development Act or any other act administered by the Farmers Home Administration and

It is the purpose and intent of this instrument that, among other things, at all times when the note is held by Secured Party, or in the event Secured Party should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced by the note, but as to the note and such debt shall constitute an indemnity security agreement to secure Secured Party against loss under its insurance contract by reason of any default by Debtor; and

NOW THEREFORE, in consideration of said loan(s) and (a) at all times when the note is held by Secured Party, or in the event Secured Party without this instrument without insurance of the payment of the note, to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions of such indebtedness and any additional loans or future advances to Debtor before or after made or insured by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other act administered by the Farmers Home Administration all with interest, (b) at all times when the note is held by an insured holder, to secure performance of Debtor's agreement in this instrument to indemnify and save harmless Secured Party against loss under its insurance contract by reason of any default by Debtor, (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as described in this instrument, and the performance of every covenant and agreement of Debtor contained in this instrument or in any supplementary agreement:

DEBTOR GRANTS to Secured Party a security interest in Debtor's interest in the following collateral, including the proceeds and products thereof after this collateral:

*Item 1.*    All crops, annual and perennial, and other plant products now planted, growing or grown, or which are planted after this instrument is signed or otherwise become growing crops or other plant products (a) within the one-year period or any longer period of years permissible under State law, or (b) at any time after this instrument is signed if no fixed maximum period is prescribed by State law, on the following described real estate:

| *Farm(s) or Other Real Estate *Owner* | *Approximate No. of Acres* | *County and State* | *Approximate Distance and Direction from a Named Town or other Description* |
|---|---|---|---|
| Loosigian Farms, Inc. | 13.3 | Essex, MA | 2 miles southwest of Methuen, MA |



Including all peanut and tobacco poundage allotments existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the debtors to any subsequent party.

*Owner shown in related Financing Statement, except if informed of ownership change show reputed new owner.

*Item 2.*     All farm and other equipment (except small tools and small equipment such as hand tools, power lawn mowers and other items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following:

| Line No. | Quantity | Kind | Manufacturer | Size and Type | Condition | Year of manufacture | Serial or Motor No. |
|---|---|---|---|---|---|---|---|
| 1 | 1 | Dump Truck | GMC | C–6000 | G | 1989 | 1GDE6DIFXKV5 17922 |
| 2 | 1 | Tractor and | | 480 | F | 1971 | 2648348 |
| | | Front Loader | Case | 480CK | F | | 5000 838 |
| 3 | 1 | Soil Shreader | Royer | | F | 1962 | 8 1590 |
| 4 | 1 | Trailer | Homemade | | F | | |
| 5 | 1 | Sprayer | Myers | 100 Gallon | G | 1987 | 36479 |
| 6 | 1 | Back Pack Sprayer | Solo | 3 Gallon | F | 1981 | 297808 |
| 7 | 1 | Tractor | Kubota | L345DT | F | 1983 | L345DT13238 |
| 8 | 1 | Rototiller | Kuhn | EL 35 | F | 1983 | 40841 |
| 9 | 1 | Portable Alternator | Kato–Light | 25KW 250–S | F | 1982 | 73340–156 |
| 10 | 1 | Flat Filler | Gleason | FF–41–EE | G | 1991 | 9154 |
| 11 | 1 | Plug Seader | Old Mill | 615–2 | F | 1986 | |
| 12 | 1 | Van | GMC | Vandura 2500 | F | 1983 | 2GT6E25G |
| 13 | 1 | Sprayer | Siebring | 60 Gallon | G | 1991 | D12722 |
| 14 | 1 | Van | ISUZU | 3.9 Diesel | G | 1987 | JAMJP7487 H9402821 |

Any fixture described above is affixed or is to be affixed to the real estate described in *Item 1* of this instrument.

*Item 3.*     All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following:

| Line No. | Quantity | Kind-sex | Breed | Color | Weight, average weight | Age or age Range | Brands or other identification |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |



*Item 4.*    All accounts, contract rights and general intangibles, as follows:

### III.   DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:

A.    Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except (1) any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect, (2) any applicable landlord's statutory liens, and (3) other liens, encumbrances, security or other interests, as follows:

NONE

and Debtor will defend the collateral against the claims and demands of all other persons. Reference to the above liens, encumbrances, security and other interests is for warranty purposes only and does not indicate their priority.

B.    Statements contained in Debtor's loan application(s) are true and correct; and Debtor will (1) use the loan funds for the purposes for which they were or are advanced, (2) comply with such farm and home management plans as may be agreed upon from time to time by Debtor and Secured Party, (3) care for and maintain the collateral in a good and husbandlike manner, (4) insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance, (5) permit Secured Party to inspect the collateral at any reasonable time, (6) not abandon the collateral or encumber, conceal, remove sell or otherwise dispose of it or of any interest in the collateral, or permit others to do so, without the prior written consent of Secured Party and (7) not permit the collateral to be levied upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered by this instrument.

C.    Debtor will pay promptly when due all (1) indebtedness evidenced by the note and any indebtedness to Secured Party secured by this instrument, (2) rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of liens searches and maintenance and other charges now or later attaching to, levied on, or otherwise pertaining to the collateral or this security interest, (3) filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest, and (4) fees and other charges now or later required by regulations of the Farmers Home Administration. At all times when the note is held by an insured holder, Debtor shall continue to make payments on the note to Secured Party, as collection agent for the holder.

D.    If the note is insured by Secured Party, Debtor will indemnify and save harmless Secured Party against any loss by reason of any default by Debtor.

E.    At all times when the note is held by an insured holder, any amount due and unpaid under the terms of the note to which the holder is entitled may be paid by Secured Party to the holder of the note for the account of Debtor. Any amount due and unpaid under the terms of the note, whether it is held by Secured Party or by an insured holder, may be credited by Secured Party on the note and thereupon shall constitute an advance by Secured Party for the account of Debtor. Any advance by Secured Party as described in this paragraph shall bear interest at the note rate from the date on which the amount of the advance was due to the date of payment to Secured Party, provided that Borrower shall be required to pay interest on only the principal portion of such advance unless otherwise provided in the regulations of the Farmers Home Administration.

F. Whether or not the note insured by Secured Party, Secured Party may any time pay any other amounts required in this instrument to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

G. All advances by Secured Party as described in this instrument, with interest, shall be immediately due and payable by Debtor to Secured Party without demand at the place designated in the latest note and shall be secured by this instrument. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

H. In order to secure or better secure the above-mentioned obligations or indebtedness, Debtor will execute and deliver to Secured Party at any time, upon demand, such additional security instruments on such real and personal property as Secured Party may require.

IV. IT IS FURTHER AGREED THAT:

A. Until default Debtor may retain possession of the collateral.

B. Default shall exist under this instrument if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness secured by this instrument or to observe or perform any covenants or agreements in this instrument or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of anyone of the parties named as Debtor. Default shall also exist if any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. Upon any such default.

1. Secured Party, at its option, with or without notice as permitted by law, may (a) declare the unpaid balance on the note and any indebtedness secured by this instrument immediately due and payable, (b) enter upon the premises and cultivate and harvest crops, take possession of, repair, improve, use, and operate the collateral or make equipment unusable, for the purpose of protecting or pr serving the collateral or this lien, or preparing or processing the collateral for sale, and (c) exercise any sale or other rights accorded by la

2. Debtor (a) agrees to assemble the collateral and make it available to Secured Party at such time(s) and place(s) as designated by Secured Party, and (b) waives all notices, exemptions, compulsory disposition and redemption rights.

3. A default shall exist under any other security instrument held or insured by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under such other security instrument shall constitute default under this instrument.

C. Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Farmers Home Administration, third to the satisfaction of indebtedness secured by this instrument, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any other obligations of Debtor owing to or insured by Secured Party, and sixth to Debtor. Any proceeds collected under insur ance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as provided above, second on the deb evidenced by the note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replace ment of the collateral, third on any other obligation of Debtor owing to or insured by Secured Party, and any balance shall be paid to Debto unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition o proceeds of the collateral and insurance.

D. It is the intent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this instrument, no collateral covered by this instrument is or shall become realty or accessioned to other goods.

E. This instrument is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions of this instrument.

F. If any provision of this instrument is held invalid of unenforceable, it shall not affect any other provisions, but this instru ment shall be construed as if it had never contained such invalid or unenforceable provision.

G. The rights and privileges of Secured Party under this instrument shall accrue to the benefit of its successors and assigns. Al covenants, warranties, representations, and agreements of Debtor contained in this instrument are joint and several and shall bind persona representatives, heirs, successors, and assigns.

H. If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from a production credit association a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the note and any in debtedness secured by this instrument and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

I. Secured Party shall have the sole and exclusive rights as the secured party under this instrument, including but not limite to the power to grant or issue any consent, release, subordination, continuation statement or termination statement, and no insured holde shall have any right, title, or interest in or to the security interest created by this instrument or any benefits of it.

J. SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREE MENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.

K. Failure by the Secured Party to exercise any right—whether once or often—shall not be construed as a waiver of any covenan or condition or of the breach of such covenant or condition. Such failure shall also not affect the exercise of such right without notice upo any subsequent breach of the same or any other covenant or condition.

(SEAL) LOOSIGIAN FARMS, INC., PRESIDENT*(Debtor)*

(SEAL) LOOSIGIAN FARMS, INC. SECRETARY *(Debtor)*

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

United States Department of Agriculture
Farm Service Agency
Medical ARts Building
52 Boyden Road
Holden, MA 01520

**EXHIBIT**

_E_

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - Insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| Loosigian Farms, Inc. | | | | | |
| OR 1b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 386 High Plain Road | Andover | MA | 01810 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| 04-2626494 | | Farm | Massachusetts | ☒ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| OR 2b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATION ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| Farm Service AGency/ USDA | | | | |
| OR 3b. INDIVIDUAL'S LAST NAME | | FIRST NAME | MIDDLE NAME | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 319 Littleton Road, Suite 203 | Westford | MA | 01886 | USA |

4. This FINANCING STATEMENT covers the following collateral:

(a)  All crops, livestock, farm products, equipment, certificates of title, goods, supplies, inventory, accounts, deposit accounts, supporting obligations, payment intangibles, general intaigbles, investment property, crop insurance indemnity payments, and all entitlements, benefits, and

(b)  All proceeds, products, accessions, and security acquired hereafter.

The security interest perfected secures a future advance clause and the security agreement contains an after-acquired property clause.

Disposition of such collateral is not hereby authorized.

| 5. ALTERNATIVE DESIGNATION (if applicable): | LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | A.G. LIEN | NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. | This FINANCING STATEMENT is to filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum  [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]  [optional] | All Debtors | Debtor 1 | Debtor 2 |
|---|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY - NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Ex. E

### FARM SERVICE AGENCY
### 445 WEST STREET
### AMHERST, MA  01002

### INDEBTEDNESS AS OF  04/20/05
### (PER ADPS)

**NAME:**    **LOOSIGIAN FARMS, INC**

**CASE NUMBER:**    25-005-0042626494

| FUND CODE/ LOAN NO. | DATE OF LAST PAYMENT | UNPAID PRINCIPAL | UNPAID INTEREST | DAILY INTEREST ACCRUAL | DELINQUENT AS OF: 04/20/05 |
|---|---|---|---|---|---|
| 41-13 | 10/10/97 | $ 351,850.83 | $106,800.63 | $ 48.1988 | $ 246,218.27 |
| 29-14 | 06/26/97 | 81,123.51 | 41,216.30 | 14.4467 | 52,048.00 |
| 44-15 | 06/26/97 | 102,350.53 | 40,000.83 | 14.0206 | 89,280.00 |
| | | $ 535,324.87 | $188,017.76 | | |

$723,342.63

JANE A. RICE
Agriculture Specialist

**Commonwealth of Massachusetts**

ss.

**County of Hampshire**

Sworn to and subscribed before me, a Notary Public, at Amherst, Massachusetts on April 20, 2005.

MADELINE L. BROADHURST
Notary Public

My Commission Expires November 3, 2006





MADELINE L. BROADHURST
Notary Public
Commonwealth of Massachusetts
My Commission Expires Nov 3, 2006